**Hallie GOODMAN, Plaintiff,**

v.

**SHEPARD ELLENBERG ASSOCIATES, Defendant.**

**No. 87 Civ. 8159 (RWS).**

United States District Court, S.D. New York.

Dec. 2, 1987.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff *pro se* Hallie Goodman ("Goodman") commenced this action by filing a complaint and order to show cause against defendant Shepard Ellenberg Associates ("Ellenberg") seeking a preliminary injunction enjoining Ellenberg from taking any steps to evict her from the apartment in which she presently resides. Ellenberg filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under which relief can be granted. Oral argument was heard on November 19, 1987. For the reasons set forth below, the motion to dismiss the complaint is granted.

In her affidavit, Goodman states that she has been living in an apartment at 17 Minetta Street since the early 1967 with Carl Barrows ("Barrows") who was the prime tenant. In 1978, Barrows moved out of the apartment. In January 1983, Ellenberg commenced a proceeding to decontrol the apartment against Barrows on the grounds that it was not his primary residence. By order of July 8, 1983 ("July 1983 Order"), the New York City Department of Rent and Housing Maintenance ("DRHM") denied the application on the ground that the apartment was occupied by Goodman whom the order described as the "tenant in possession."

Prior to the July 1983 Order, Ellenberg commenced a separate proceeding before DRHM to evict Goodman on the grounds that the apartment had been illegally sublet. On July 18, 1985, the Deputy Commissioner of the State of New York, Division of Housing and Community Renewal ("DHCR") issued an order ("July 1985 Order") granting Ellenberg's application and directing that a certificate of eviction be issued against Goodman. Although the July 1985 Order specifically informed Goodman that her only recourse was to appeal the order to the Supreme Court of the State of New York by way of an Article 78 proceeding, Goodman failed to file an appeal within 60 days as required by the statute, an omission that her attorney has represented was his responsibility.

On August 20, 1985, the District Administrator issued a certificate of eviction pursuant to the July 1985 Order. Thereafter, Ellenberg commenced a summary proceeding in the Civil Court of the City of New York and was awarded a judgment of possession, with the issuance of the warrant for eviction stayed to June 30, 1987. Goodman did not appeal this decision. She did, however, commence an action in state court for leave to file an Article 78 proceeding which was denied on May 14, 1986. Goodman did not appeal that decision.

Goodman then commenced an action in state court in which she sought a declaratory judgment that the July 1983 Order declaring her the tenant in possession was *res judicata* and a permanent injunction preventing Ellenberg from continuing the eviction proceeding. In an opinion dated October 24, 1986, the Supreme Court dismissed her complaint on the merits holding that the July 1983 Order did not preclude Ellenberg from commencing a separate proceeding to evict Goodman on the grounds of illegal subletting. This decision was affirmed by the Appellate Division, First Department, on June 9, 1987. Leave to appeal to the Court of Appeals was denied on October 13, 1987.

In an affidavit attached to her order to show cause, Goodman states that she has exhausted her appeals rights under New

York law. She claims that she has been deprived due process of law on account of her attorney's failure timely to appeal the July 1985 Order and on account of erroneous fact-finding on the part of the state agency that issued that order. Her allegations of inadequate representation and faulty fact-finding—which have already been raised in state court—are not sufficient to invoke this court's jurisdiction. In our federal system with limited exceptions, United States district courts do not sit as courts of appeal over the decisions of their state counterparts.

Goodman's efforts to vindicate her rights through state agencies and courts have spanned more than four years. The record of state court proceedings does not reveal constitutional errors. Despite her desire to continue her challenge to a system that allows for her eviction, "[t]he fact remains ... that the right at issue here—the right to avoid eviction from a privately owned building—is granted solely by statute and can thus be similarly limited." *Keeler v. Joy,* 641 F.2d 1044, 1050 (2d Cir.1981) (Tenney, J. concurring). As the Supreme Court stated in *Arnett v. Kennedy,* 416 U.S. 134, 153–54, 94 S.Ct. 1633, 1643–44, 40 L.Ed.2d 15 (1974), "where the grant of a substantive right is inextricably intertwined with the limitations on procedure which are to be employed in determining that right, a litigant ... must take the bitter with the sweet."

Here, Goodman has availed herself of the full array of state court procedures in her attempt to establish her right to remain in her apartment. She has not asserted, and her complaint cannot be construed to state, a claim under 42 U.S.C. § 1983. Accordingly, the complaint is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.